136 So.2d 359 (1962)
Donald Ray MINTURN, Appellant,
v.
STATE of Florida, Appellee.
No. 61-213.
District Court of Appeal of Florida. Third District.
January 15, 1962.
Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant was found guilty of the crime of rape and was sentenced to imprisonment for the rest of his natural life. By this appeal, appellant urges seven separate grounds for reversal of the jury verdict and judgment based thereon. We find it necessary to consider only two of these grounds since each of the two grounds is sufficient to warrant a reversal of the judgment.
The act involved took place during the early morning hours of September 20, 1960. The prosecutrix was employed at a downtown restaurant in the City of Miami. On her working nights she drove her car from her home to a location in Miami and parked the car behind a gas station. From there, the prosecutrix took a bus to the restaurant. After work she took the bus back to her car and proceeded home.
The record reveals that one week prior to the alleged crime the appellant observed the prosecutrix make the transfer from the bus to her car. The prosecutrix testified that on the night in question she was returning *360 to her car when the appellant, who was waiting for her struck her over the head three or four times and thereafter raped her.
During the course of the trial, the State called a city detective as a witness. He testified as to the interrogation of the appellant which took place after the arrest, by referring to a notebook which was allegedly used by him to record the questions and answers during the interrogation. It is clear that the witness referred to the notebook during direct examination as a means of refreshing his independent recollection of the interrogation. At the conclusion of the State's examination of this witness, the court recessed for lunch. When the court reconvened, the defense attempted to cross-examine the witness as to the damaging testimony concerning the aforementioned interrogation. For some unexplained reason the witness no longer had the notebook used on direct examination. The defense objected and requested the court to instruct the witness to get the notebook. The objection was overruled and this has been assigned as error.
We hold that it was prejudicial error to allow the witness to use the notebook to refresh his independent memory as to the questions and answers which transpired during the official interrogation of the defendant without requiring that the notebook be made available to the defense during cross-examination. Williams v. State, Fla. 1954, 74 So.2d 797; Cohen v. Harris, 61 Fla. 137, 54 So. 905; 35 Fla.Jur., Witnesses, § 180, p. 279
To hold otherwise would allow the circumvention of the accused's right to a full and fair cross-examination of witnesses. Where the State's witness testifies with the help of a notebook allegedly used to refresh his independent recollection, the accused has the right to examine the notebook and thereby be in a position to impeach the witness or discredit his testimony as to matters related on direct examination. The law of this state regards this right as a fundamental right which stems from the constitutional guaranty that the accused be confronted by his accusers. Coco v. State, Fla. 1953, 62 So.2d 892.
Appellant has also assigned as error the State's reading of the entire purported confession to the jury without the deletion of those portions referring to his prior criminal entanglements. The State, in reading the stenographic transcript of the appellant's interrogation by the police authorities, allowed the following portions to be read.
"Q. Why didn't you go about trying to find a girl that you could have sexual intercourse with without raping her?
"A. I did.
"Q. How did you do that?
"A. I looked around. You can't do much when you're on parole."
Appellant's counsel immediately moved to strike the objectionable matter and for a mistrial. The court granted the motion to strike but refused to declare a mistrial. We find that it was error not to declare a mistrial because the very nature of the struck portions of the confession which were read to the jury would tend to prejudice the average juror. It is our opinion that in this particular case, the objectionable matter in the confession, once read, could not be corrected so that it would have no effect on the jury.
We have previously discussed the question of the State's duty to delete portions of a confession which are not relevant to the crime in question but rather allude to prior criminal involvements of the defendant. Hooper v. State, Fla.App. 1959, 115 So.2d 769. In that case a transcript of the interrogation of the defendant who was on trial for arson contained allegations and references to prior arsons which the defendant might have committed. Nevertheless, the State read the portions of the transcript *361 containing the references to the prior arsons into the record. We stated in the Hooper case at p. 770:
"* * * we find that a reading of the record in this case is conducive to the conclusion that the defendant was tried for a series of crimes and found guilty of being a `firebug' rather than of the specific arson with which he was charged. The reference to the additional accusations of arson had no real connection with the charges in the instant case. The state could easily in both of the confessions have eliminated any reference to other crimes and have introduced only those portions germane to the trial of the crime at issue."
For the reasons stated above, it follows that the judgment and sentence be reversed and the cause be remanded for the entry of an appropriate order granting a new trial.
Reversed and remanded for new trial.