249 So.2d 470 (1971)
Zebedee JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-1188.
District Court of Appeal of Florida, Third District.
June 15, 1971.
Rehearing Denied July 9, 1971.
*471 Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, Chief Judge.
The appellant was found guilty of second degree murder after a jury trial in the Criminal Court of Record in and for Dade County, Florida. He was adjudicated guilty and sentenced to twenty years in the state penitentiary and this appeal is from that judgment and sentence. Appellant had been previously tried upon the same homicide in the circuit court upon a charge of first degree murder. That court directed a verdict for the defendant at the close of the State's case on the charge of first degree murder and the jury deadlocked upon the lesser included offense of second degree murder. A mistrial was declared. The cause was then transferred to the Criminal Court of Record for the second trial.
One of appellant's points requires the recitation of proceedings in the trial court which occurred prior to the jury trial. Appellant was retried in October of 1970. In May of that year appellant filed a written motion before the court entitled "Motion for Statement of Particulars and Unilateral Discovery." One of the things requested was any physical evidence relative to the gun with which the State charged the defendant was armed at the time of the crime. The bullet which is alleged to have caused the death of the victim and which the State claims was fired from appellant's gun had been produced in the circuit court trial but was unaccounted for thereafter. The court granted appellant's motion for the production of the fatal bullet so that the defendant could have the opportunity of having his own expert examine it. The State could not produce the bullet. Subsequently but prior to the trial, the appellant moved the court for an order suppressing "any testimony from a ballistics expert regarding this bullet." The court denied the motion. At the trial the State's ballistics expert was allowed to testify as to markings on the bullet which the expert testified corresponded to markings on a pistol with which it was charged the appellant was armed.
Appellant has presented five points each of which presents a serious question for decision by this court. The first question urges that the trial court erred in admitting defendant's testimony taken before the grand jury. The second point urges error upon the court's failure to instruct the jury that prior statements of a witness were admitted only for impeachment purposes. The third point urges that the court erred in admitting the testimony of the ballistics expert. The fourth point urges that the court erred in not granting a mistrial when a police officer testified that he had taken statements from many witnesses whom he could not now locate. The fifth point *472 urges that the court erred in denying a motion for acquittal because the State failed to present a prima facie case.
We find reversible error in the failure to exclude the testimony of the ballistics expert and because we do not find in the record error which would require a discharge of the defendant, we reverse the adjudication and the sentence and direct that a new trial be granted the defendant. Because we reach this result in this manner, we do not find it necessary to discuss each of appellant's points as they were presented. We turn rather to a discussion of appellant's point 3 which is as follows:
"The trial court erred in admitting the testimony of the ballistics expert when the bullet taken from the deceased was lost by the State, thus depriving the defendant of his rights of discovery as well as his sixth amendment rights to effectively cross examine and confront the witness."
Rule 1.220(b) of the Florida Rules of Criminal Procedure, 33 F.S.A. provides for defendant's examination of tangible evidence as well as the right to have a defense expert examine such evidence. It is this right which the appellant claims has been denied him. The State does not claim that appellant's right of examination and discovery was accorded to him but it urges that the fact that it was not accorded him was not the fault of the State. It urges that the general rule is that it is not necessary that a test be conducted in the presence of the jury nor is it required that the expert submit to the jury the actual test materials. This language is found in Roberts v. State, Fla. 1964, 164 So.2d 817. This case also contains a statement that in that case it was not error to refuse to compel the State to produce the bullet. We note that the single case relied upon by the state was decided prior to the effective date of Florida Rules of Criminal Procedure. We think that appellant's right to examine tangible evidence is a part of his right to the confrontation of witnesses against him and the right to a full and complete cross-examination of the witnesses who are to be presented against him. Cf. Minturn v. State, Fla.App. 1962, 136 So.2d 359; Belger v. State, Fla.App. 1965, 171 So.2d 574; United States v. Williams, 424 F.2d 344 (5th Cir.1970); CrPR 1.220(b).
Florida Rules of Criminal Procedure 1.220(b) is a recognition of an important procedural right and the State may not by the simple statement that they have "lost the physical evidence" prevent the exercise of the right and then use the "lost evidence" against the defendant. We therefore conclude that the court committed reversible error when it denied defendant's motion to suppress the ballistics expert's testimony.
The evidence given by the ballistics expert was in no way cumulative and was so important in the case against this appellant that its admission was prejudicial error.
The remaining point which we think must be discussed is appellant's second point regarding the admission into evidence of impeachment statements of a witness without instruction that the statements were admitted for impeachment purposes only. The State's only witness to the shooting was Charles Lesane. At the time of the trial, his testimony was that he did not see the defendant aim or fire a gun. Over defendant's objections the State was allowed to ask Lesane about testimony given in the state attorney's office in which statements Lesane testified that the defendant did have a gun and he did see defendant fire it toward the victim. We hold that the denial of the instruction requested was error. Merrill v. State, Fla. App. 1969, 228 So.2d 305; Hernandez v. State, 156 Fla. 356, 22 So.2d 781 (1945).
Having reached the conclusion that reversible error has been demonstrated under two of the appellant's points, we do not proceed with a discussion of the other three except to point out for the guidance of the court upon retrial as to appellant's *473 first point that the present record is devoid of a showing of waiver of immunity by the appellant such as to render admissible his testimony before the grand jury. It is probable that such a waiver was given, nevertheless, the failure to present it at trial did affect the admissibility of the grand jury testimony. Appellant's fourth point relative to the declaration of a mistrial is a matter largely within the trial court's discretion: We think that it was error not to strike the statements and instruct the jury to disregard them. If such an unfortunate circumstance should occur on retrial, we would be called upon to judge its impact from the record then presented. Reversed and remanded with directions to grant the appellant a new trial.
Reversed and remanded.