288 So.2d 538 (1974)
Andrew ALEXANDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-760.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Rehearing Denied January 30, 1974.
Thomas B. Duff, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance Stelzer, Asst. Atty. Gen., for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried non-jury, convicted and sentenced to serve 360 days hard labor in the county jail plus four years probation for unlawful possession of heroin [Fla. Stat. § 398.03, F.S.A.].
At the trial the arresting officer testified that he saw the defendant speeding, arrested him for this violation, made a routine search as a result of which he found in defendant's possession a plastic bag which the officer claimed contained packets of heroin and money. The several packets were placed before the trial court and marked for identification. However, they were never placed into evidence. Nevertheless, the trial judge overruled defense counsel's objections as to the prosecution's request that the exhibits be marked for identification. The second witness, a chemist from the Dade County Safety Department, testified concerning the chain of *539 custody and the scientific experiments employed in determining that the packets contained heroin. Defense counsel rested his case without cross-examining the chemist and then moved for judgment of acquittal on the grounds that the prosecution never offered into evidence the heroin. This motion was denied. The trial court found defendant guilty and entered its conviction from which defendant appeals.
Defendant-appellant contends the court erred in finding defendant guilty where the state failed to prove the corpus delicti of the offense of possession of heroin by the best evidence available (i.e. introduction into evidence of the heroin packets), and defendant was deprived thereby of his constitutional right to confront witnesses. We concur.
The right of a defendant to cross-examine witnesses and his right to present evidence in opposition to or in explanation of adverse evidence are essential to a fair hearing and due process of law. See Horton v. State, Fla.App. 1964, 170 So.2d 470 at 474.
After a careful examination of the record on appeal, we conclude that there was no indication of probable tampering with the packets of heroin and thus, these packets should have been introduced into evidence. See Bernard v. State, Fla.App. 1973, 275 So.2d 34 and cases cited therein. The packets in the case sub judice having been marked for identification, but not introduced into evidence, defendant was denied thereby of a real opportunity to cross-examine the witnesses of the prosecution. For a mere formal proffer of an opportunity to cross-examine, where the circumstances as in the case at bar are such that the accused cannot effectively avail himself of it, is not a sufficient observance of the right. 21 Am.Jur.2d Criminal Law § 333 (1965).
In addition, the mere fact that an exhibit has been marked for identification is not by itself sufficient. It should appear that it was actually offered and admitted into evidence. And when not properly used as evidence, the exhibits should be removed from the presence of the jury in a jury trial. See 13 Fla.Jur. Evidence § 285 (1957). The trial judge having allowed what purported to be the alleged heroin packets to be marked for identification and placed on exhibit, the prosecution should have followed up in introducing the exhibits into evidence. Cf. Williams v. State, Fla.App. 1966, 188 So.2d 320 at 334. This rule is applicable to jury trials and we hold that it is equally applicable in non-jury trials.
For the reasons cited hereinabove, we reverse the defendant's conviction and remand the cause for a new trial.
Reversed and remanded.