289 So.2d 26 (1974)
Bruce PIZZO, Appellant,
v.
STATE of Florida, Appellee.
No. 73-515.
District Court of Appeal of Florida, Second District.
January 30, 1974.
Joseph F. McDermott of McDermott & Ohle, St. Petersburg, for appellant.
*27 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. He was sentenced to three years imprisonment. On this appeal, appellant urges that the court committed reversible error in admitting certain fingerprint evidence over his objection. The basis for the objection was that the State had not produced this evidence prior to trial in response to appellant's demand for discovery under RCrP 3.220(a)(1) and (2), 33 F.S.A.
The evidence consisted of the following items: known fingerprints of the appellant taken after his arrest; a latent fingerprint lifted by the Sheriff's investigator from the window of the burglarized building; and a check which had been stolen from the building and cashed by the thief and which also had a latent fingerprint lifted from it. The State's expert testified that the latent prints positively belonged to the appellant.
The Supreme Court has said that the testimony of an expert may be received concerning tests he has performed without the necessity of test materials being placed in evidence. Roberts v. State, Fla. 1964, 164 So.2d 817. Presumably, absent other error, the testimony of the fingerprint expert below would have been admissible without the questioned exhibits ever having been introduced into evidence. The problem is what effect should be given to the State's failure to properly respond to the appellant's prior demand for production of the exhibits upon which the testimony is based and which were introduced into evidence.
A ballistics expert in Roberts v. State, supra, testified that a test bullet fired from the defendant's gun matched the bullet taken from the victim's body. The latter bullet and the gun were in evidence, but the test bullet was not. The Supreme Court rejected the defendant's contention that the test bullet should also have been put in evidence so that the jury could examine it. The court pointed out that an examination of the bullet would have been meaningful only to an expert, and in any event, such examination could not be accomplished with the naked eye.
In Johnson v. State, Fla.App.3rd, 1971, 249 So.2d 470, the trial court had allowed testimony by a ballistics expert that a bullet taken from the body of the victim was fired from a gun owned by the defendant, notwithstanding the fact that the bullet had been lost and defendant's expert was precluded from examining it. Our sister court reversed the conviction holding that "appellant's right to examine tangible evidence is a part of his right to the confrontation of witnesses against him and the right to a full and complete cross-examination of the witnesses who are to be presented against him." The Johnson case was subsequently reviewed by the Supreme Court because it allegedly conflicted with the Roberts decision, supra. Upon review, the Supreme Court discharged the writ of certiorari finding no conflict between the decisions. State v. Johnson, Fla. 1973, 280 So.2d 673. In distinguishing between the two cases, the court said:
"Thus, in Roberts, unlike the instant case, no question of defendant's right of confrontation was raised. Defendant simply objected to the failure of the state to offer a test bullet into evidence. He did not argue and it does not appear that he was deprived of an opportunity to have the bullet examined by his own expert... ."
The noncompliance with a rule of procedure does not automatically require reversal of a conviction. Such a violation "does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant." Richardson *28 v. State, Fla. 1971, 246 So.2d 771. Nevertheless, where the court determines that the State's noncompliance with the rule has not prejudiced the ability of the defendant to prepare for trial, the circumstances establishing the non-prejudice to the defendant shall affirmatively appear in the record. Ramirez v. State, Fla. App.4th, 1970, 241 So.2d 744.
In Richardson, the state did not comply with the rule requiring disclosure of the name of a witness claimed to have knowledge of facts relevant to the offense charged. The court stated that the mere failure of the State to list the witness did not, ipso facto, constitute a ground for reversal, but held that under the circumstances of that case, the noncompliance with the rule had resulted in prejudice to the defendant.
The common thread running through all of the cases cited above is that a conviction will be reversed where it appears that a defendant was prejudiced by the State's failure to comply with a rule or by the State's failure to produce evidence otherwise relied upon, regardless of whether such failure was purposeful or not. See also Evenson v. State, Fla.App. 4th, 1973, 277 So.2d 587.
The record reflects that appellant's counsel knew of the existence of the fingerprint evidence prior to trial. The appellant never sought and was not deprived of an opportunity to have the evidence of the fingerprints examined by his own expert. That the appellant's fingerprints were found at the scene of the crime has never been challenged at any stage of this proceeding. It affirmatively appears that the appellant suffered no prejudice as a result of the State's failure to produce the fingerprint evidence in advance of the trial. We hold that under the circumstances of this case, the cards and check containing fingerprints were properly introduced into evidence.
We wish to commend appellant's counsel for his candor in responding to the inquiry of the judge that he did have prior knowledge of the fingerprint evidence, while at the same time vigorously prosecuting a legitimate appeal.
The appellant's contention that the record contains insufficient evidence to sustain the conviction is without merit.
The judgment is affirmed.
HOBSON, A.C.J., and BOARDMAN, J., concur.