305 So.2d 868 (1975)
James SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-875.
District Court of Appeal of Florida, Third District.
January 14, 1975.
*869 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
HENDRY, Judge.
The defendant appeals from a conviction, following a trial by jury, for the crime of grand larceny.
He presents two points for review which it is urged constitute reversible error.
First, appellant contends that the trial court should have granted his motion for a judgment of acquittal because the state failed to introduce into evidence the property which the appellant was accused of stealing, to-wit: a power saw.
Appellant argues that the state's failure to produce the saw or introduce it into evidence during the trial effectively deprived him of his right to confront the evidence against him, citing this court's holdings in Johnson v. State, Fla.App. 1971, 249 So.2d 470 aff'd, Fla. 1973, 280 So.2d 673; and Alexander v. State, Fla.App. 1974, 288 So.2d 538.
The record affirmatively shows that instead of producing the saw the state introduced two photographs taken of the saw shortly after the theft as well as a bill of sale for purposes of establishing its value.
At trial, the prosecutor informed the court that the saw was not available in court because it was being used by one of the victim's work crews.
The record further shows that the appellant, through his counsel, did not file a written motion to produce the saw until the day of the trial. When defense counsel repeated the motion verbally at trial, the following colloquy with the court took place:
"MR. COHEN (defense counsel): Judge, under the criminal rules of procedure, I have a right to look at the saw and inspect it to make sure it is the saw and it is in working order, and to ascertain the value of the saw.
"THE COURT: Why didn't you make your motion a long time ago?
"MR. COHEN: Well, judge, I assumed they were going to bring the saw into evidence here today. I just found out today that they weren't going to bring the saw in. I have a right to have the subject of the larceny introduced into evidence. This is not the best evidence... ."
We hold that the appellant's constitutional right of confrontation was not denied by the state's failure to produce the saw. This is so because the appellant has not made a sufficient showing that his defense was in any way prejudiced by the fact that the saw was not produced on the day of trial. See, Pizzo v. State, Fla.App. 1974, 289 So.2d 26.
The appellant has not suggested that he desired to have an expert examine the saw to testify on the question of value. Indeed, had the appellant so wished he should have filed a motion to produce under the criminal discovery rule much earlier than he did. See, RCrP 3.220, F.S.A.
Defense counsel's broad statement that he wished to see if the saw was in working order (which came almost two months after the alleged theft) and to establish its value was not relevant, since the legal consideration *870 in cases of this nature is the value of the property on the date of the theft.
We find this case distinguishable from the two cases which appellant has cited. Moreover, as defense counsel conceded in the trial court, it is not necessary in every instance to produce the physical evidence in order to produce testimony about it. Cf., United States v. Harper, 460 F.2d 705 (5th Cir.1972); Burney v. United States, 339 F.2d 91 (5th Cir.1964); Roberts v. States, Fla. 1964, 164 So.2d 817.
As his second point on appeal, appellant asserts that the state failed to prove that the saw exceeded $100 in value at the time of the theft so as to constitute grand larceny. We disagree.
Appellant clearly is correct that the question of value focuses upon the market value of the property at the time of the theft.
The record in this case discloses that the state showed by a bill of sale that the saw was purchased on January 23, 1974 for $369.50. It was stolen less than three weeks later on February 11, 1974. Therefore, the facts of this case fell within the exception to the rule that the purchase price of used property is not sufficient to establish value. See, Martin v. State, Fla. App. 1972, 260 So.2d 238. We think the purchase price in this case was sufficient to prove that the property exceeded $100 in value in light of the fact that the state adduced testimony that the saw was recently stolen and was still in good condition ("almost brand new") at the time of the theft, having only been used on one or two occasions previously.
Therefore, for the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.