363 So.2d 38 (1978)
STATE of Florida, Appellant,
v.
Betty J. ARMSTRONG, Appellee.
No. 77-2063.
District Court of Appeal of Florida, Second District.
October 4, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
SCHEB, Judge.
The state appeals from the trial court's order dismissing the grand larceny charge against Betty J. Armstrong. We reverse.
*39 Appellee Betty J. Armstrong and her co-defendant, Johnny Lee Armstrong, were charged by information with larceny of over one hundred dollars worth of cigarettes from Winn Dixie Stores, Inc. on September 28, 1977. Mr. Armstrong filed a motion to dismiss pursuant to Fla.R.Crim.P. 3.190(c)(4). At the hearing the parties agreed that Ms. Armstrong could join in the motion.[1]
From the motion it appeared the allegedly stolen cigarettes had not been retained for use as evidence. The trial judge reasoned that the nonavailability of the cigarettes would infringe upon Ms. Armstrong's Sixth Amendment right of confrontation and dismissed the charges.
The confrontation provision of the Sixth Amendment is by its terms restricted to "witnesses" and does not encompass physical evidence as well. United States v. Herndon, 536 F.2d 1027, 1029 (5th Cir.1976). The trial judge therefore erred in his dismissal of the charges against Ms. Armstrong on the ground that the allegedly stolen cigarettes were not available to be used as evidence at trial.
We do not here deal with the question of whether appellee Armstrong has been deprived of her right to due process, which guarantees a defendant access to relevant and material evidence necessary for the preparation of his defense. See United States v. Herndon, supra. This issue was not raised in the trial court nor argued before this court.
The order of dismissal is vacated and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] In the motion Mr. Armstrong essentially disassociated himself from appellee's activities who, one infers from the motion, did have possession of the cigarettes.