COWART, Judge.
In an adjudicatory hearing on a delinquency charge that the appellant-child had violated the law prohibiting the possession of cannabis, the State produced the baggie taken from the appellant, had it marked as an exhibit for identification purposes only, elicited testimony from the State’s chemist that the contents was cannabis, but failed to formally introduce the baggie or contents into evidence.
Appellant relies for reversal on Alexander v. State, 288 So.2d 538 (Fla.3d DCA 1974), a drug case where, reversing a conviction, the Third District Court of Appeal said:
The packets .. . having been marked for identification, but not introduced into evidence, defendant was denied thereby of a real opportunity to cross-examine the witnesses of the prosecution. For a mere formal proffer of an opportunity to cross-examine, where the circumstances as in the case at bar are such that the accused cannot effectively avail himself of it, is not a sufficient observance of the right.
288 So.2d at 539.
In Smith v. State, 305 So.2d 868 (Fla.3d DCA 1975), the same court did not follow the reasoning in Alexander and held that no right of confrontation or cross-examination was denied when the State introduced photographs of a stolen power saw but not the saw itself.
Also, since Alexander, drug convictions based only on the testimony of a chemist, where the drug was unavoidably consumed in the testing, have been upheld. State v. Atkins, 369 So.2d 389 (Fla.2d DCA 1979); State v. Herrera, 365 So.2d 399 (Fla.3d DCA 1978).
This is not a case where some right of an accused to examine tangible inculpatory evidence has been violated because of its willful, negligent, or unnecessary loss or destruction by the State. See Stipp v. State, 371 So.2d 712 (Fla.4th DCA 1979), and cases cited therein.
In criminal cases in which an essential element is the possession of a particular substance identifiable only by chemical analysis, such as drugs, as distinguished from cases involving objects that can be identified from common experience, such as burglary tools or firearms, the primary evidence of the identify of the chemical substance is not the substance itself but the testimony of the chemist. The chemist, and not the substance, is the witness which the accused can confront and cross-examine. The confrontation provision of the sixth amendment of the Constitution of the United States is restricted to “witnesses” and does not include physical evidence. State v. Armstrong, 363 So.2d 38 (Fla.2d DCA 1978). In this case, the cannabis in question was available and counsel for the accused did cross-examine the State’s chemist. Therefore, we decline to follow Alexander and *327 the appellant’s delinquency adjudication and commitment is
AFFIRMED.
ORFINGER and SHARP, JJ., concur.