PER CURIAM.
David Harrison appeals from adjudications of guilt and sentences of imprisonment imposed after Harrison’s probation was revoked for possessing metallic knuckles and committing batteries upon a public *566 officer and a medical technician in violation of the terms of probation.
We reject Harrison’s argument that there was a lack of competent evidence to prove possession of metallic knuckles classified as a weapon under Section 790.-001(13), Florida Statutes (1979) because a photograph rather than the actual knuckles was introduced into evidence. In this case, the officer who discovered the knuckles testified at the probation revocation hearing and was subject to cross-examination. Harrison’s right to confrontation under the Sixth Amendment of the United States Constitution is restricted to witnesses and does not encompass physical evidence. United States v. Herndon, 536 F.2d 1027 (5th Cir. 1979); G.E.G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980); State v. Armstrong, 363 So.2d 38 (Fla. 2d DCA 1978). Nor has Harrison established that under Florida law, he has been prejudiced by the introduction of the photograph in lieu of the physical evidence. Smith v. State, 305 So.2d 868 (Fla. 3d DCA 1975), cert. denied, 316 So.2d 284 (Fla.1975). See, e. g., G.E.G. v. State, supra, Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978).
We also find record evidence sufficient to prove the intent element of the battery.
The State concedes, and we find, error in treating the sale of methaqualone as a second degree felony and imposing consecutive sentences of fifteen years for each count in violation of Section 893.13, Florida Statutes (1979). The offense is a third degree felony punishable by a maximum of five years on each count. §§ 893.-13(2), 893.03(2)(c)(5), Fla.Stat. (Supp.1980); § 775.082(3)(d), Fla.Stat. (1979).
Affirmed as to the finding of violation, possession and battery, reversed as to the sentencing, and remanded for sentencing in accord with this opinion.