405 So.2d 480 (1981)
Causey HARRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1236.
District Court of Appeal of Florida, Third District.
November 3, 1981.
*481 Bennett H. Brummer, Public Defender, and Deborah Whisnant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Steven R. Jacob, Asst. Atty. Gen., and Joseph Corey, Legal Intern, for appellee.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
FERGUSON, Judge.
Appellant Causey Harrell was indicted for first degree murder of his former wife, Vivian Harrell, was adjudicated guilty of manslaughter and sentenced to twelve years imprisonment. The sole issue raised on appeal from the conviction and sentence is whether the trial court committed reversible error in denying Harrell's motions for mistrial where inadmissible evidence was in view when the jury entered the courtroom and the evidence remained in court during the trial. We find no reversible error and affirm.
The background facts are summarized as follows. Causey and Vivian Harrell were divorced in June of 1979. On July 18, 1979 *482 Vivian Harrell was found dead in a road. She had been shot three times, once in the neck, once in the thigh and once in the toe. In a taped statement entered into evidence, Harrell admitted shooting Vivian but claimed that the shooting was an accident. According to Harrell, he and Vivian got into Harrell's van about 1:30 A.M. on July 18, 1979 for the purpose of driving to a 7-Eleven store. Harrell claimed he and Vivian started to argue and that Vivian picked up a .32 revolver which Harrell kept on the floor of the van between the swivel seats. Vivian took the gun from its pouch. Harrell claimed that while still driving the van, he grabbed for the gun and a struggle ensued. The gun fired. Vivian opened the door and either fell or jumped from the moving van. Harrell further stated that he then stopped the van, got out, went to the victim, didn't hear her say anything, got back into the van, threw the gun out of the window and went home without knowing whether Vivian was dead or alive.
Harrell's statement forms the basis of his defense of self-defense. There were no witnesses. There was no mark in the van from any projectiles fired by a gun, nor was there any stipling or residue powder on the body or clothing of Vivian which would, according to the expert testimony, indicate that she had been shot at a close range of approximately twelve to eighteen inches.
The day before the trial, defense counsel asked that six guns which had been taken legally from Harrell's residence but did not include the murder weapon be removed from display in the courtroom prior to the seating of the jury. The trial court ordered the guns removed but the guns were still in view when the jury entered the courtroom. Defendant moved for a mistrial on the grounds that the jury's exposure to the guns had the prejudicial effect of portraying Harrell as a gun monger and destroying his affirmative defense of accidental shooting. Defendant renewed his motion for mistrial twice more during the trial, and, in addition, after the court granted defendant's motion to exclude admission of the guns into evidence and at the close of the state's case. Each time the court denied the motion.
On appeal the burden is on appellant to demonstrate reversible error. In this case appellant Harrell may meet that burden in one of two ways. First, Harrell may prove that the error[1] is a violation of rights guaranteed by the United States Constitution thereby shifting the burden to the state to prove the error harmless under the reasonable doubt standard enunciated in Chapman v. California,[2] 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and interpreted by lower courts to require a showing that absent the so-determined unconstitutional effect, the remaining evidence is overwhelming. See, e.g., Jones v. State, 332 So.2d 615 (Fla. 1976); Ackerman v. State, 372 So.2d 215 (Fla. 1st DCA 1979). See also Germany v. Estelle, 639 F.2d 1301 (5th Cir.1981). Second, Harrell may prove that the error injuriously affected a substantial right protected by state law, also shifting the burden to the State. Section 924.33, Fla. Stat. (1979).[3]See, e.g., White v. State, 356 So.2d 56 (Fla. 4th DCA 1978); D'Agostino v. State, 334 So.2d 99 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1080 (Fla. 1977).
Under the facts of this case, we find that appellant has failed to demonstrate federal constitutional error. There is no violation of the Fourth Amendment right to be free *483 from illegal searches and seizures. There is no violation of a Fifth Amendment right to silence. There is no violation of a Sixth Amendment right to counsel or confrontation of witnesses. It is not clear that the presence of the guns had any effect upon the conduct of the defense or presentation of witnesses. Testimony that Harrell owns several guns was elicited from two different witnesses on direct examination and from a third witness, an officer who testified that he had removed the guns from Harrell's residence subsequent to the shooting. The opportunity for cross-examination regarding the guns was available to the defendant.
After reviewing the facts as set forth in the record, we also find no violation under the due process clauses. The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusation. Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The constitutional guarantees to due process are not a constitutional guarantee to a perfect trial. It is not enough that the action of the trial court was wrong or even universally condemned. Harrell must establish that a right guaranteed by the Fourteenth Amendment was violated and finding a violation under the due process clause requires that the error "so infected" the entire trial that the resulting conviction violates due process. Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 374 (1973). Compare Chambers v. Mississippi, supra (impact of refusal to allow testimony of third person and refusal to permit cross-examination of adverse witness had cumulative effect amounting to violation of due process) with United States v. Ford, 632 F.2d 1354, 1381 n. 29 (9th Cir.1980) (declining to apply the constitutional standard of Chapman to non-constitutional question of prosecutorial misconduct). Here the only error cited by appellant is the failure to remove irrelevant and immaterial evidence  guns belonging to defendant  from jury view. The same information, ownership of several guns, was elicited on direct examination. That the display had any effect upon the jury rejecting the first-degree and second-degree murder charges or rejecting the charge on justifiable use of force is unlikely at best. In our view, the testimony of Harrell's children, the testimony as to the absence of any sign of struggle or sign of a gun having been shot inside the van, the absence of any stipling effect or powder residue on the victim's clothing or body, the admission of Harrell that he left the victim lying in the road with no attempt to give or seek aid and that he threw away the gun after shooting Vivian constitute evidence sufficient beyond a reasonable doubt for a jury to find Harrell guilty of culpable negligence resulting in the death of Vivian. The only issue before the jury to be determined on the testimony of defendant and his children along with the physical evidence, was whether Vivian Harrell's death was accidental as contended.
Under these circumstances we find that the display of the guns had neither the impact of denying a constitutional right as enunciated in Chambers v. Mississippi, supra, nor infected the entire trial with prejudice so as to result in an unfair trial. Cupp v. Naughten, supra. We hold, therefore, that Harrell has failed to prove violation of a constitutional right of federal due process.[4]
For the same reasons that we find no violation of the federal right to due process, we also find no violation of a substantial right protected by state law. We do find, consistent with Florida law, that Harrell has also failed to prove reversible error under Section 924.33, Fla. Stat. (1979). We find no well-established Florida principles of judicial review in the cases cited by the dissent or in any other Florida or federal *484 cases which permit an appellate court to find harmful error just because an error was committed below. Absent proof of actual reliance by the jury, compare Gibson v. Clanon, 633 F.2d 851 (9th Cir.1980), cert. denied, 450 U.S. 1035, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981) (affidavit of jurors revealed jurors looked up incidence of AB blood-type after court ruled evidence of AB incidence inadmissible and looked up morphine dosage in medical encyclopedia) with Ezzard v. State, 155 Ga. App. 594, 271 S.E.2d 728 (1980) (no reversible error in display of exhibits not introduced into evidence when exhibits were at end of prosecutor's table farthest from jury and transcript disclosed no effort to call attention to the items ... beyond that normal to a trial), or absent the presence of constitutional error, cf. Nowlin v. State, 346 So.2d 1020 (Fla. 1977) (placing burden on state and applying standard of "reasonable possibility that error may have contributed to accused's conviction to constitutional error), the standard of trial fairness applies, see, e.g., United States v. Ford, supra, and the burden remains on the defendant to prove the error resulted in an unfair trial, § 924.33, Fla. Stat. (1979); cf. State v. Williams, 198 So.2d 21 (Fla. 1967) (error in displaying unintroduced and incriminating evidence not fundamental error); Connor v. State, 106 So.2d 416 (Fla. 1958) (no prejudicial error where defendant's confession contained same evidence as that erroneously exhibited); Wells v. State, 256 So.2d 580 (Fla. 3d DCA 1972) (no reversible error in display of firearms not admitted into evidence); DeLaine v. State, 230 So.2d 168 (Fla. 2d DCA 1970) (no reversible error in display of clothing and bedding which did not connect defendant with scene of crime, did not have gruesome quality or appearance, and did not tend to prove crime more serious than charged). We note that in Alexander v. State, 288 So.2d 538 (Fla. 3d DCA 1974), the court based its opinion on the belief the defendant was deprived of a constitutional right to confront witnesses and that the Alexander opinion has not been followed, see G.E.G. v. State, 389 So.2d 325, 326 (Fla. 5th DCA 1980). In State v. Williams, 198 So.2d 21 (Fla. 1967), the Florida Supreme Court found that it could not review the issue of display of unadmitted evidence because such display was not fundamental error. The lower court case cited by the dissent is rightfully concerned with traditional rules of fair play. In that case, once the confession of the defendant was (properly) held inadmissible, the unadmitted evidence was the only evidence linking the defendant to the scene of the crime. In Harrell's case, it is uncontested that Harrell shot and killed Vivian.
While we strongly condemn what in this case is tantamount to prosecutorial misconduct, we are not, on these facts, compelled to reverse the jury verdict of guilt.
Affirmed.
SCHWARTZ, Judge (dissenting).
Applying well-established Florida principles of judicial review, I cannot say that the acknowledgedly and blatantly erroneous display of the inadmissible and unadmitted firearms before the jury did not affect its verdict and was therefore merely harmless error. Williams v. State, 188 So.2d 320, 334 (Fla. 2d DCA 1966), modified on other grounds, 198 So.2d 21 (Fla. 1967), and Alexander v. State, 288 So.2d 538 (Fla. 3d DCA 1974), among many other decisions, strongly indicate to the contrary. I would therefore reverse for a new trial.
NOTES
[1] The display of inadmissible evidence is error in violation of evidentiary procedures or court rule.
[2] Chapman, supra, involves an erroneous evidentiary ruling. If federal constitutional error can be proved, then we assume that the reasonable doubt standard of Chapman, supra applies to cases such as this where the evidentiary ruling was correct, but where the objects of that ruling remained in court.
[3] § 924.33, Fla. Stat. (1979) provides:

No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
[4] The due process clause does not guarantee that any trial error or irregularity amounts to constitutional error and until constitutional error is found, the burden remains upon the defendant to prove the error harmful. The defendant must prove whether under the entire circumstances of the trial that the error complained of contributed to an unfair conviction  a violation of due process.