WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the unlawful sale of a controlled substance. Appellant has failed to present any point of reversible error, and we accordingly affirm the order appealed.
Among other allegations of error, appellant asserts that the trial court permitted improper testimony regarding the chemical composition of the substance which appellant was found to have sold. The evidence establishes that an undercover police officer purchased the substance from appellant, and then delivered the substance to a laboratory chemist for analysis. The chemist tested the substance and, over appellant’s objection, testified as to the results of the laboratory test. The substance was not received into evidence, despite the state’s proffer, because “chain of custody” was not established subsequent to the laboratory analysis. But since “chain of custody” was established until and including the laboratory analysis, the chemist’s testimony was not thereby inadmissible. Cf., G. E. G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980).
In Johnson v. State, 249 So.2d 470 (Fla. 3d DCA 1971), the state presented expert testimony derived from an examination of tangible evidence which was thereafter lost. Noting that the Florida Rules of Criminal Procedure permit a defendant’s examination of tangible evidence,[1] the court ruled that, insofar as the defendant was precluded from pursuing such discovery the defendant’s “right to a full and complete cross-examination” of the state’s witness was abridged. But in Johnson prior to trial the defendant had requested production of the tangible evidence in order that it might be examined and analyzed by a defense expert. The present case is unlike Johnson in that it does not appear that appellant at any time requested the production of, or indicated a desire to inspect or examine, the tangible evidence. In these circumstances the inadmissibility of the tangible evidence itself does not abridge appellant’s “right to a full and complete cross-examination” of the state’s expert, and this witness was properly allowed to testify regarding the laboratory testing of the substance.
The judgment appealed is affirmed.
ERVIN and SHIVERS, JJ., concur.

. See Fla.R.Crim.P. 3.220(a)(l)(vi) and (xi).