417 So.2d 975 (1982)
G.E.G., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 59948.
Supreme Court of Florida.
July 15, 1982.
*976 Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for respondent.
SUNDBERG, Justice.
The typical drug possession case finds the defendant contesting on appeal the admission into evidence of the substance allegedly possessed. This case presents the antipodal issue: petitioner challenges the nonintroduction of a substance marked for identification and about which there was testimony that it was marijuana, but which was not introduced into evidence.
Upon receiving a tip from petitioner's stepfather that a "pot party" was going on in a neighbor's house, police looked in a window and saw petitioner put in his pocket a plastic bag containing a brown substance. The officers asked petitioner to come onto the porch, searched him, found the plastic bag, and conducted a Voltex test which indicated the brown substance was marijuana. Petitioner, sixteen years old when he was arrested, received a juvenile adjudicatory hearing. Prior to the hearing petitioner moved to suppress the substance seized from him. By stipulation the evidence heard on the motion to suppress was merged into the hearing on the merits. Up to a certain point the adjudicatory hearing proceeded normally, with the state presenting evidence of chain of custody, presumably as a predicate for chemical analysis testimony and the eventual introduction into evidence of the plastic bag containing the brown substance marked as an exhibit. During the suppression phase of the hearing the state examined the arresting officers in considerable detail concerning the search, seizure, and arrest and the chain of custody of the brown substance. Following cross-examination both parties argued to the judge the legality of the search, seizure, and arrest. Satisfied of no fourth amendment *977 violation, the judge denied petitioner's motion to suppress. The hearing proceeded with the state continuing to establish chain of custody and introducing testimony of a chemist that the brown substance was marijuana. Then, surprisingly, the state rested its case without attempting to admit the much-discussed exhibit or any other item of physical evidence. The trial judge determined that petitioner violated section 893.13(1), Florida Statutes (1977), by unlawfully possessing less than five grams of cannabis. He adjudicated petitioner delinquent and committed him to the Division of Youth Services for an indeterminate period not to extend beyond his twenty-first birthday.
The District Court of Appeal, Fifth District, affirmed, expressly declining to follow a sibling court's holding that the failure to introduce the controlled substance in a drug possession case is a per se denial of a defendant's right of confrontation.[1]In the Interest of G.E.G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980). We have jurisdiction to resolve this conflict. Art. V, § 3(b)(3), Fla. Const. Our analysis must include an examination of the policy behind the introduction of physical evidence and the consequences of ruling either that physical evidence must always be introduced or that it need never be introduced. Taking a Solomonic rather than an absolute approach, we hold that when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence but that a defendant who fails to object to its nonintroduction may not be heard to complain of the error on appeal.[2]
Sir William Blackstone would no doubt have found our present dilemma needless and the answer obvious:
[T]he one general rule that runs through all the doctrine of trials is this,  that the best evidence the nature of the case will admit of shall always be required, if possible to be had; but, if not possible, then the best evidence that can be had shall be allowed. For if it be found that there is any better evidence existing than is produced, the very not producing it is a presumption that it would have detected some falsehood that at present is concealed.
3 W. Blackstone, Commentaries [*] 368 (footnote omitted). For us it is not so easy. In Florida the "best evidence rule" only applies to writings, recordings, and photographs.[3] But the fact that we are no longer fettered by the letter of Blackstone's words hardly implies that we are not free to be persuaded by their spirit.
We use Blackstone's principle and the practicalities of modern trial practice to steer a course between two equally undesirable absolutes. An absolute rule that a substance may be introduced or not at the discretion of the prosecutor is practically undesirable because of its potential for abuse. For example, such prosecutorial discretion could deliberately or unwittingly be used to confuse defense counsel and thwart the ability to make certain objections, particularly objections to chain of custody. A *978 defense attorney might wait for the proper moment for an objection, the moment when the state offers the substance into evidence, only to find that the moment never arrives because the state has exercised its discretion in favor of nonintroduction. Counsel's efforts to preserve the case for appellate review would therefore be frustrated.[4]
In addition to infecting trials with tactical or fortuitous confusion, an absolute holding that a substance need never be introduced into evidence would have another undesirable consequence. The state's failure to introduce the substance in evidence against the defendant might put the defendant in the awkward position of introducing it himself should he wish to challenge its authenticity where there has been testimony of its existence as here. We are therefore all the more unwilling to give nonintroduction our absolute imprimatur.
For equally practical reasons we eschew the extreme posture of raising to the level of fundamental error the failure to introduce a substance. We therefore require a defense objection to the nonintroduction. Since the failure to introduce the substance would no doubt in most cases be the result of prosecutorial oversight, it is only fair that the defendant be required to put the trial court on notice that error has occurred. Castor v. State, 365 So.2d 701 (Fla. 1978). The situation illustrated by the present case is a classic example of how it is both possible and desirable "to cure early that which must be cured eventually." Id. at 703. Upon objection by the defendant a trial court would undoubtedly permit the state to reopen its case to offer the contraband as evidence. If the substance is in no way faulty, its introduction into evidence can only help the state's case. If it is faulty, Blackstone's presumption is vindicated, and the state should not be allowed to rest its hopes for a conviction on the chance that the fault will go undiscovered.
Petitioner in this case failed to raise an objection which would put the trial court on notice of possible error and preserve the point for appellate review. Defense counsel's motion for judgment of acquittal contained two grounds: (1) defective chain of custody, and (2) absence of proof that the substance was marijuana. Petitioner urges that this second ground is tantamount to an objection to nonintroduction, but a review of the record reveals that defense counsel's argument to the trial judge was premised not upon the state's failure to introduce the substance but upon an erroneous belief that the chemist failed to testify that the substance was marijuana. We therefore agree with the District Court of Appeal, Fifth District, that petitioner is entitled to no relief, but we disagree with its reasons for so holding.
Petitioner raises a second issue in which he asserts that the judge improperly issued the order of commitment for an indeterminate period of time not beyond petitioner's twenty-first birthday, rather than for the sixty-day maximum he would have received if an adult and which the trial judge indicated at the disposition hearing he would impose. The state counters that we should remand for clarification of this inconsistent commitment order. The trial judge obviously was aware that section 39.11(3), Florida Statutes (Supp. 1978), did not become effective until October 1, 1978, thirty-three days after petitioner's commitment order. The amended statute would limit petitioner's commitment to the earlier of a period not longer than an adult could have been sentenced for the same offense, or until his nineteenth birthday. The judge indicated that because the commitment would extend beyond the amended statute's effective date, he would limit the commitment to sixty days. The commitment here was ordered prior to the effective date of *979 the 1978 amendment and is thus proper, cf. In re J.P., 405 So.2d 497 (Fla. 4th DCA 1981) (not denial of equal protection for juvenile probation to exceed maximum allowable to adult), but we must nevertheless remand this case to the trial court for clarification of why the written order differed from the commitment which had been orally indicated. See Morgan v. State, 365 So.2d 172 (Fla. 2d DCA 1978). The trial court should clarify its intent and, if necessary, correct its order.
In conclusion, we disapprove both the decision of the District Court of Appeal, Third District, in Alexander and the decision of the District Court of Appeal, Fifth District, in this case, to the extent they are inconsistent with our views as expressed above. The case is remanded to the district court with instructions to remand to the trial court for action consistent with our opinion.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the Court's decision to approve the holding of the district court, which affirmed petitioner's adjudication of delinquency. I dissent from the general rule requiring introduction of contraband evidence and requiring the defendant to point out a deficiency in the state's case.
Notwithstanding Blackstone's pronouncements on the subject, it has long been an established principle of American jurisprudence that the best evidence rule applies only to written documents and not to tangible objects. 1 Underhill's Criminal Evidence, § 101 (6th ed. 1973); 4 Wigmore on Evidence, § 1181 (3d ed. 1972). The distinction is based on the understanding that a person's ability to recall the appearance of an object is usually greater than his ability to recall all the words of a written document. Because variation of just a few words can totally change the effect of a written document, it is recognized that the document itself is the most accurate, and perhaps the only reliable, evidence of the contents.
This rationale for the best evidence rule does not apply to physical objects, not even contraband evidence like controlled substances. To prove that an object found in the possession of the accused is a controlled substance, the state must present the testimony of a qualified expert. The testimony of a non-expert, based on simple observation, will not be enough to establish whether an object is a controlled substance under section 893.03, Florida Statutes (1981). It is the testimony of the expert witness, and not the substance itself, that is the essential item of evidence proving the nature of the substance. With regard to substances that are not contraband, an expert's description is usually admissible without the introduction of the substance itself. 1 Underhills' Criminal Evidence, § 103 (6th ed. 1973).
In connection with the present case, it is interesting to note that the 1982 legislature has addressed the question of controlled substances as tangible evidence in criminal trials. Chapter 82-88, Laws of Florida, provides for seized quantities of controlled substances to be "sample tested and weighed," with the samples and analyses being admissible in evidence to prove "the nature, composition, and weight of the substance seized." The act provides that quantities of seized substances other than the retained test sample may be destroyed.[*]
*980 I do not believe that the decision of this case requires the fashioning of such a general rule as the majority, in its Solomonic wisdom, attempts to develop. Here the judge who ruled on the admissibility of the evidence was also the trier of fact. He saw the physical evidence, heard testimony identifying it and establishing the chain of custody, and heard expert testimony establishing that it was cannabis. For all practical purposes, although not formally, the cannabis was in evidence in the sense that it was placed before the eyes of the trier of fact along with identifying and authenticating testimony. Thus we need not be concerned with fashioning a general rule. In cases tried to a jury, where the defense challenges the admissibility of tangible evidence, the jury, if defense counsel does his job correctly, will not see the evidence nor even hear it referred to unless and until it has been ruled admissible by the court.
The majority suggests as one reason for its general rule the right of the defendant to examine and challenge the substance offered as evidence of illegal possession. However, the defendant's interest in challenging the authenticity of the evidence is fully protected by the criminal rules governing discovery. See Fla.R.Crim.P. 3.220(a). Therefore there is no need, as far as the defendant is concerned, for a general rule requiring that the controlled substance itself be admitted into evidence.
The foregoing remarks indicate my reasons for disagreement with the majority's general rule requiring the presentation of the controlled substance as tangible evidence. If, however, there are cases where it must be held as a matter of law that the evidence of guilt is insufficient without the introduction of the actual physical substance possessed, then I am deeply troubled by the Court's holding that the defendant must point out the evidentiary insufficiency to the court and to the state. The Court's suggestion that upon objection, the trial court would allow the state to reopen its case to remedy the evidentiary deficiency embarks upon a new line of authority. This sets a precedent for allowing the state to reopen its case when a defendant's motion for judgment of acquittal points out the state's failure to present sufficient evidence. This newly imposed duty of defense counsel conflicts with the principle that the burden of proof is on the state and with the lawyer's duty to act in the best interest of his client. It is tantamount to asking defense counsel to perform the state's job. Cf. Stuart v. State, 360 So.2d 406 (Fla. 1978) (defense counsel is not required to inform the court of imminence of speedy trial rule violation).
In summary, I would simply hold that there was sufficient evidence to support the adjudication of delinquency and that petitioner was not prejudiced by the nonintroduction of the physical evidence. See United States v. Cadena, 585 F.2d 1252 (5th Cir.1978). On this basis I would approve the decision of the district court of appeal.
ADKINS, J., concurs.
NOTES
[1] Alexander v. State, 288 So.2d 538 (Fla. 3d DCA 1974).
[2] We are mindful that in Roberts v. State, 164 So.2d 817 (Fla. 1964), the only case in which this Court has addressed a similar issue, we found no error in the failure of the state to introduce a test bullet into evidence. Roberts is distinguishable and therefore unaffected by our decision today. Roberts was not trying to defend a charge of possessing the test bullet, nor was the test bullet actual physical evidence of the crime, such as the fatal bullet itself, which was introduced. Similarly unaffected by our decision are cases excusing the nonintroduction of evidence because of unavoidable destruction of the substance during testing. See, e.g., State v. Atkins, 369 So.2d 389 (Fla. 2d DCA 1979). Unavoidable destruction prevents the defendant from conducting an independent analysis of the substance, not an issue in this case. More importantly, the state in petitioner's trial offered absolutely no excuse for its failure to introduce the substance. The substance was actually present during every moment of the trial and was handled, examined, and referred to by the prosecutor and the state's witnesses. Furthermore, we do not perceive this case as involving the defendant's right of confrontation, as did both the third district court in Alexander and the fifth district court in this case.
[3] See § 90.953, Fla. Stat. (1981).
[4] Defense attorneys in the state are surely aware of the following rule:

Failure to renew an objection at trial contemporaneously with admission of the contested evidence constitutes a waiver of the right to appellate review of an alleged error, even though issues of constitutional dimensions are claimed to exist.
Roban v. State, 384 So.2d 683, 685 (Fla. 4th DCA 1980) (emphasis added) (quoting Jones v. State, 360 So.2d 1293, 1296 (Fla. 3d DCA 1978)).
[*] Chapter 82-88, Laws of Florida, provides in full:

Section 1. Section 893.105, Florida Statutes, is created to read:
893.105 Testing and destruction of seized substances. 
(1) Any controlled substance seized as evidence may be sample tested and weighed by the seizing agency after the seizure. Such samples and the analysis thereof shall be admissible into evidence in any civil or criminal action for the purpose of proving the nature, composition, and weight of the substance seized. In addition, the seizing agency may photograph or videotape, for use at trial, the controlled substance seized.
(2) Controlled substances that are not retained for sample testing as provided in subsection (1) may be destroyed pursuant to a court order issued in accordance with s. 893.12.
Section 2. This act shall take effect upon becoming a law.