FERGUSON, Judge.
Defendant was convicted of trafficking in cocaine. On appeal, he contends that the trial court erred in denying his motion for judgment of acquittal on the ground that the State failed to introduce into evidence the subject cocaine, although it did offer uncontroverted expert testimony that the substance seized was in fact cocaine. We affirm.
Defendant relies on G.E.G. v. State, 417 So.2d 975 (Fla.1982), wherein the Florida Supreme Court held that:
when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence but that a defendant who fails to object to its nonintroduction may not be heard to complain of the error on appeal, [footnote omitted] [e.s.].
Id. at 977.
The supreme court accepted jurisdiction in G.E.G. for the purpose of resolving a conflict between Alexander v. State, 288 So.2d 538 (Fla. 3d DCA 1974) and In the Interest of G.E.G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980). In Alexander, the Third District Court of Appeal held that where the controlled substance was available and the chain of custody had been established, the State’s failure to introduce the substance into evidence deprived the defendant of his constitutional right to confront witnesses. In In the Interest of G.E.G., the fifth district expressly declined to follow Alexander. Instead, the court held that where the substance had been marked as an exhibit and was available for examination by the defendant, and where the State’s chemist testified that the substance was marijuana and the chemist was fully cross-examined, failure of the State to introduce the marijuana into evidence did not require reversal of the delinquency adjudication. The court of appeal reasoned that the confrontation provision of the sixth amendment of the Constitution of the United States is restricted to “witnesses” and does not include physical evidence. 389 So.2d at 326 (citing State v. Armstrong, 363 So.2d 38 (Fla. 2d DCA 1978)).
The Florida Supreme Court rejected the reasoning of both Alexander and In the Interest of G.E.G. Instead, the court relied upon the principles embodied in the “best evidence rule”[1] and purported to strike a balance between “two equally undesirable absolutes.” 417 So.2d at 977. The two absolutes which the supreme court refused to sanction are: (1) admission of the substance into evidence is discretionary with the State; and (2) failure to admit the substance into evidence constitutes fundamental error. The court thus placed the burden upon a defendant to call to the court’s attention the fact that the controlled substance, as the “best evidence,” has not formally been placed into evidence. The State would then be on notice to cure the oversight, insuring that a conviction will not be subject to reversal solely on the ground that the substance was not introduced into evidence.
G.E.G. is not controlling. In this case the substance was not left out as evidence *744 by mistake, but was excluded on the defendant’s own motion. The question here, which the supreme court did not address in G.E.G., is whether a conviction for possession of a controlled substance can stand where the evidence is excluded on defendant’s motion because of a probability that the substance was tampered with after it had been analyzed by a State’s chemist, but the chain of custody is established from the point of seizure through the time of analysis, and there is no challenge to the expert testimony that the substance is in fact contraband.
This conviction for possession of a controlled substance is reconcilable with G.E.G.’s requirement that the controlled substance be introduced into evidence if it is available. The court’s finding in this case that the substance could not be traced after analysis was the functional equivalent of a finding that the substance actually seized became unavailable, which caused the chemist’s testimony to become the next “best evidence.” Appellant could have, but did not, request production of the evidence or indicate a desire to inspect or examine the evidence, and no claim is made that his right to cross-examine the State’s chemist was abridged.
Maddox v. State, 414 So.2d 22 (Fla. 1st DCA 1982), which was decided two months before G.E.G., affirmed a conviction even though the substance was excluded from evidence because a post-analysis chain of custody could not be satisfactorily established. It was found significant there, too, that appellant never requested to inspect or examine the evidence. Maddox was not overruled, expressly or implicitly, by the holding of G.E.G.
Affirmed.
HENDRY, J., concurs.

. The court cited 3 W. Blackstone, Commentaries *368, noting that although in Florida the best evidence rule applies only to writings, recordings, and photographs, the "spirit" of the rule renders it equally applicable to other physical evidence. 417 So.2d at 977; see § 90.952, Fla.Stat. (1983). Justice Boyd, concurring in part and dissenting in part in an opinion which Justice Adkins joined, responded that "it has long been an established principle of American jurisprudence that the best evidence rule applies only to written documents and to tangible objects.” Id. at 979 (citing 1 Underhill’s Criminal Evidence § 101 (6th ed. 1973); 4 Wigmore on Evidence § 1181 (3d ed. 1972)).