BOARDMAN, Acting Chief Judge.
The state appeals the trial court’s order discharging appellee Bennett. The order was predicated on the trial court’s conclusion that the speedy trial time had run. We disagree and reverse.
On December 7,1978, an information was filed in Pasco County charging appellant with two counts of aggravated battery. The charges arose out of an incident occurring on October 20, 1978. Appellee had shot his brother-in-law in Tarpon Springs (Pinellas County) and was involved in a high speed automobile chase on U.S. 19, which leads into Pasco County. On notification from Pinellas County law enforcement officers, a road block had been set up by Pasco County police about five miles into Pasco County. Appellee smashed into the road block and collided with two Pasco County police cars, injuring two Pasco County police officers. He was stopped by Deputy Johnson of the Pasco County Sheriff’s Department, who detained him and turned him over to the Pinellas County authorities immediately following their arrival at the scene. Appellee was then immediately transported to Pinellas County, where he was indicted for murder and charged with three traffic violations, of which he was found guilty in January of 1979. He was sentenced on April 25, 1979.
A capias had been issued in connection with the information filed in Pasco County on December 7, 1978, which capias was received by the Pasco County Sheriff’s Department on December 8. The capias was not executed until May 2, 1979.
On June 18, 1979, appellee filed a motion for discharge, pursuant to Rule 3.191(a)(1), Florida Rules of Criminal Procedure. At *812 the hearing on the motion, defense counsel contended that Johnson had, in effect, arrested appellee on the aggravated battery charges at the time he detained appellee on October 20, 1978.
It was defense counsel’s position that Johnson had a duty to arrest appellee on October 20 on the aggravated battery charges and that speedy trial time ran from the time appellee could or should have been taken into custody.
At the hearing on appellee’s motion, the trial judge questioned the long wait between the time the information was filed (December) and the time that the capias was served on appellee (May), noting that the fact that appellee was in the Pinellas County jail would not account for the sheriff’s office being unable to locate appellee, since a note attached to the capias indicated appellee’s address as “Pinellas County Jail, Clearwater, Florida.” The trial judge therefore granted the motion for discharge. This appeal followed timely.
Under Rule 3.191(a)(1), speedy trial time begins when the defendant is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. Swanson v. Love, 290 So.2d 112 (Fla. 2d DCA 1974); State v. Jones, 285 So.2d 651 (Fla. 3d DCA 1973). But for the notification from Pinellas County, the Pasco County deputy would not have detained appellee. Where the Pasco County deputy was detaining appellee for the Pinellas County authorities, appellee was not in custody for purposes of speedy trial as to a subsequently filed Pasco County information. Hargrove v. State, 281 So.2d 390 (Fla. 2d DCA 1973), overruled on other grounds, State v. Bassham, 352 So.2d 55 (Fla.1977). See also State v. Robbins, 359 So.2d 39 (Fla. 2d DCA 1978), and State ex rel. Dean v. Booth, 349 So.2d 806 (Fla.2d DCA 1977), cert. denied, 358 So.2d 129 (Fla.1978), in which the detaining officers were held not to have taken the defendant into custody within the meaning of the speedy trial rule on the date of the offense.
The trial court did not find that appellee was taken into custody on the Pas-co County charges on October 20, but rather that appellee should have been arrested on these charges shortly after the capias was issued on December 7. There is no authority for this conclusion. In the first place, it does not appear that Deputy Johnson was aware of the physical injuries to the two victims at the time he detained appellee. But even if he had had probable cause at that time to arrest appellee on the instant aggravated battery charges, he was not required to make the arrest then. The police may delay an arrest beyond the completion of their investigation, although the accused might be entitléd to dismissal if he has been prejudiced by the delay. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Robbins, supra. Appellee has not demonstrated that the delay in serving the capias has prejudiced him in any way. We note that the capias was served only seven days after his sentencing on the Pinellas County charges.
We hold that appellee was not taken into custody on the instant charges within the meaning of Rule 3.191(a)(1) until May 2, 1979, the date the capias was served. Consequently, the speedy trial period had not run on the date of his motion, and he was not entitled to discharge.
Accordingly, the trial court’s order granting appellee’s motion for discharge is REVERSED and the cause REMANDED.
OTT and DANAHY, JJ., concur.