408 So.2d 612 (1981)
STATE of Florida, Appellant,
v.
Kathy PARENT, Appellee.
No. 81-957.
District Court of Appeal of Florida, Second District.
December 11, 1981.
Rehearing Denied January 13, 1982.
*613 Jim Smith, Atty. Gen., Tallahassee, and Samuel R. Mandelbaum and James S. Purdy, Asst. Attys. Gen., Tampa, for appellant.
John Charles Coleman of Coleman & Coleman, Fort Myers, for appellee.
SCHEB, Chief Judge.
The state challenges the trial court's order dismissing an information on the ground that the delay between the alleged offense and the defendant's arrest prejudiced her preparation of a defense. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A).
On October 30, 1979, the automobile Kathy Parent was driving was involved in an accident in which Marvin H. Behrens, the driver of the other car, was killed. Patrol officers promptly conducted an initial investigation. The case then passed through the hands of various officers of the Lee County Sheriff's Department Criminal Investigation Division for approximately two and one-half months, after which it was assigned to Sergeant George Mitar. Eight and one-half months later, Mitar discussed the case with an assistant state attorney who advised him that there was probable cause to arrest Ms. Parent. On September 28 Ms. Parent was arrested, and on October 3 the state filed an information charging her with vehicular homicide.
Ms. Parent filed a motion to dismiss the state's information on the ground that the delay between the time of the accident and the date of her arrest was unreasonable and prejudiced the preparation of her defense. The court, after conducting an evidentiary hearing, found that sufficient information had been gathered to file an information by March 1980 at the latest and that the investigation after that date had been minimal and nonproductive. The court concluded that the delay had prejudiced the preparation of Ms. Parent's defense, dismissed the information, and discharged her.
A delay by the state prior to the filing of an information can so adversely affect a defendant's right to prepare a defense that it will deny him the fourteenth amendment's guarantee of due process.[1]Swan v. United States, 436 U.S. 958, 98 S.Ct. 3073, 57 L.Ed.2d 1123 (1978); United States v. Lovasco, 431 U.S. 783, 97 S.Ct. *614 2044, 52 L.Ed.2d 752 (1977); State v. Bennett, 382 So.2d 811 (Fla. 2d DCA 1980); State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 134 (Fla. 1978). Whether undue delay has occurred depends upon the length of the delay, the reason for the delay, and, most importantly, the prejudice suffered by the defendant. Griffin, 347 So.2d at 695.
The state argues that although there was a significant prearrest delay in this case, the defendant was not prejudiced. The defendant relies on Griffin where, as here, there was an eleven-month delay from the date of the alleged criminal act until arrest. In Griffin the trial court found that as a result of the state's delay the defendant had no recollection of what he was doing or where he was on the day he allegedly sold narcotics to an undercover officer. Moreover, the defendant was unable to locate any witnesses who could testify concerning his actions and whereabouts on the day of the crime. Therefore, the First District affirmed the trial court's finding that the defendant demonstrated that he had suffered actual prejudice from the state's delay.
Here, the defendant did not allege that she could not remember the accident, or that she was unable to locate witnesses to testify on her behalf. Instead, she contended that as a result of the delay she suffered prejudice because (1) a roll of film taken of skid marks and gouges in the pavement could not be located, and the officers who investigated the accident could not recall the direction or location of the skid marks or the vehicles, (2) the vehicles that were involved were no longer available for testing to determine their operability, (3) the marks left as a result of the accident had vanished because the road where the accident occurred had been repaved, and (4) two witnesses to the accident had expressed difficulty in recalling the circumstances of the accident because of a lapse in time.
After reviewing the testimony, we think that it does not demonstrate that the defendant was prejudiced in the preparation of her defense. While some photographs of the scene have been lost, others are available. The defendant fails to allege that the vehicles which were unavailable were in any way defective and that possible tests run on them would yield results favorable to her. Moreover, there is no showing that the lost film or vehicles would have been available had the information been filed by March 1980. Further, it is unlikely that the marks or gouges noted by defendant would have survived even a short time after the accident. Finally, although two witnesses expressed difficulty in recalling the details of the accident[2] and two officers could not remember where the marks or vehicles were located because of the delay, the difficulty the witnesses experienced in recalling the accident is common in any case.[3] Also, the officers can review the accident report to refresh their memory. Most importantly, there are several other witnesses who are available to testify.
Accordingly, while there was a substantial delay between the accident and the defendant's arrest, the evidence does not support the trial court's finding that the defendant was prejudiced in the preparation of her defense. We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] See also Art. 1, § 9, Fla. Const. (1968).
[2] One said, "[I]f it had been earlier I might recall more about it, but I mean a year later, it's kind of vague." The other, when asked if she had made a statement that she was having difficulty remembering the events, replied, "I told him it had been a while."
[3] The legislature has addressed this problem by determining the statute of limitations for vehicular homicide would be three years. §§ 775.15(2)(b); 782.071, Fla. Stat. (1979).