438 So.2d 976 (1983)
Larry James BARBER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1139.
District Court of Appeal of Florida, Third District.
October 11, 1983.
*977 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Richard Doran, Asst. Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
The single issue in this appeal is whether an unexplained ten-month delay between the commission of the offense with which appellant was charged, and his arrest for that offense, was so prejudicial as to require dismissal of the information.
On January 11, 1981, two men robbed the proprietor of a northwest Dade restaurant. One of the men was arrested at the scene and was tried and convicted of the robbery and the rape of a waitress. On October 26, 1981, appellant was arrested as the coperpetrator of the robbery. The information was filed on November 16, 1981.
Prior to trial, appellant's counsel filed an unsworn motion to dismiss the information which alleged that appellant (1) had been in the county jail in connection with other charges from February 7, 1981 until his arrest in October, (2) had no recollection as to his whereabouts on the date of the subject offense, and (3) was unable to find witnesses who could help him recall where he was on January 11, 1981. The delay was, by admission, the result of an administrative oversight. Nevertheless, argued the state, appellant was required to show that the delay caused actual prejudice to his preparation for trial. The trial court agreed. We affirm the conviction.
At trial the single issue was one of physical identification. The restaurant owner and waitress made positive identifications of appellant as the second man in the robbery. They recognized him as a patron who had attempted to leave the premises without paying for food, over their noisy protests, a few days preceding the robbery.
In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) the United States Supreme Court held that the due process clause protects against an oppressive delay between the time of the offense and the arrest or indictment. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) reemphasized *978 that holding but made it clear that proof of actual prejudice is a necessary element of a due process claim and, even where presented, is not dispositive but merely makes such a claim ripe for adjudication. The second step in the due process inquiry is a consideration of the reasons for delay. Lovasco, 431 U.S. at 789-790, 97 S.Ct. at 2048-2049. As noted in Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982), the standards set forth in State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), cert. dismissed, 358 So.2d 134 (Fla. 1978) (a case heavily relied upon by appellant) for determining whether an arrest delay results in a due process deprivation are somewhat vague. Howell recognizes that the prior uncertainty, within the Court of Appeals for the Fifth Circuit, as to what is the proper test has been significantly clarified in United States v. Townley, 665 F.2d 579 (5th Cir.), cert. denied, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982).
Howell adopts the Townley twotier test. First, the defendant has the burden of proving actual prejudice.[1] If that burden cannot be met, the inquiry stops there. If, however, the defendant does present evidence tending to show actual prejudice, the burden shifts to the government to show why the delay was necessary. At that point the court must balance the government's need for an investigative delay against the prejudice shown by the defendant in order to determine whether a due process violation has occurred. Howell, 418 So.2d at 1170, citing Townley, 665 F.2d at 581-582.
Our inquiry, however, begins and ends with the first prong of the test. At the outset the court must be satisfied that the defendant has demonstrated actual prejudice by competent, substantial evidence. State v. Griffin, 347 So.2d at 696. In this case, unlike State v. Griffin, there were allegations of prejudice, in the form of an unsworn motion to dismiss the information, filed over the signature of appellant's counsel. The court then conducted a hearing on the motion. At the hearing neither appellant nor anyone else testified as to the truth of matters asserted in the motion. As "evidence" of prejudice there was no more than the argument of appellant's counsel which merely amplified the allegations of the unsworn motion. On the record before it the trial court correctly determined that actual prejudice was not proven by competent, substantial evidence. State v. Ochran, 429 So.2d 77 (Fla. 4th DCA 1983); State v. Newman, 367 So.2d 251 (Fla. 4th DCA 1979).
Affirmed.
NOTES
[1] It is insufficient to merely generally allege loss of witnesses and failure of memories resulting from pre-arrest delay. United States v. Avalos, 541 F.2d 1100, 1108 (5th Cir.1976), cert. denied, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977). To show a due process violation with respect to missing witnesses, an accused must offer some explanation as to how their testimony would have been favorable and material. Marrero v. State, 428 So.2d 304 (Fla.2d DCA 1983) citing United States v. Valenzuela-Bernal, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

In United States v. Medina-Arellano, 569 F.2d 349 (5th Cir.1978), the appellant contended that the government's delay in returning an indictment four years after the occurrence of the alleged offense deprived him of "a possible alibi defense." In its consideration of whether a due process violation had occurred, the court found the allegation too speculative and entitled to little weight.