PER CURIAM.
This is an appeal from an order dismissing an information because of pros-ecutorial delay from the date of a fire in August, 1981 until an arrest for arson in December, 1982. In order to secure a dismissal of an indictment or information because of a prosecutorial delay in the filing of the charges, a defendant has the burden of showing prejudice. Barber v. State, 438 So.2d 976 (Fla. 3d DCA 1983); See also State v. Parent, 408 So.2d 612 (Fla. 2d DCA 1981). In the instant arson case it is clear that the defendant never met this burden. The defendant contended that because the debris from the fire was removed from the premises some three to four months after the fire; by persons not under control of the state, he was thereby prevented from examining the debris to determine if it might disclose a defense to the arson charge. Under this reasoning the state would not have the statutory time to file a charge, but would be limited to a period of approximately four months in the instant case. A person does not have a right to be arrested. The state has the statutory time to bring a charge unless the delay prejudices a defendant. See Barber v. State, supra and State v. Parent, supra. The. evidence tendered by the defendant does not show prejudice, but to the contrary, demonstrates some doubt, as to whether or not the fire was started by arson. His experts revealed by their testimony, from examination of the evidence that was preserved, that there was a possibility of the fire starting from causes other than arson.
Therefore, for the reasons above stated the order of dismissal is reversed and the matter is returned to the trial court for further proceedings.
Reversed and remanded with directions.