516 So.2d 1115 (1987)
STATE of Florida, Appellant,
v.
Louis Thomas CONTE, Appellee.
No. 87-848.
District Court of Appeal of Florida, Second District.
December 18, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
B. Robert Ohle, St. Petersburg, for appellee.
HALL, Judge.
The state appeals from a final order dismissing the conspiracy count from the amended information charging the appellee with trafficking in cocaine and conspiracy to traffic in cocaine. We reverse.
The appellee, Louis Conte, was charged on March 10, 1986, with trafficking in over 200 grams of cocaine. He pled not guilty to the charge. On February 23, 1987, the state amended the information to include a second count, a charge of conspiracy to traffic in over 200 grams of cocaine. The appellee moved to quash the amended information alleging untimeliness in the filing of a new charge, prejudice in preparing a defense, and bad faith. After hearing the motion the trial court entered an order striking the conspiracy count of the amended information.
In its appeal from that order the state argues that the trial court erred in dismissing the conspiracy count. The state contends that the appellee did not show that he was prejudiced by the delayed filing and that the trial judge actually based the dismissal on timeliness, since he failed to make any findings of prejudice. We agree.
The appellee fails to demonstrate that he was prejudiced in the preparation of his defense. As the state points out, the conspiracy count would have been proven with the same witnesses that had been listed for the trafficking charge a year earlier. No further preparation by the appellee for trial was necessary.
*1116 At the motion hearing the trial judge did not focus on any prejudice to the appellee; rather, he centered his attention on the state's repeated practice of late filing. Upon dismissing the amended count for conspiracy, the trial court stated:
How many more is the state attorney doing this on, getting them up to trial and filing amended informations for conspiracy?
... .
... I'm going to tell you right now, Mr. Hartery, you review your files this week, and any you want to amend you get them amended at least two months before trial. I am not going to have this anymore.
You know, if you think that's, you know, an easier charge.
I'll tell you what I'm going to do, I'm going to strike the second count.
... .
... I'm going to strike it, as being untimely.
As we noted in State v. Parent, 408 So.2d 612 (Fla.2d DCA 1981), "[w]hether undue delay has occurred depends upon the length of the delay, the reason for the delay, and, most importantly, the prejudice suffered by the defendant." The prejudice that Parent speaks to is directed to prejudice in the preparation of a defense. In the instant case the appellee does not contend that he would be prejudiced by the delay in the preparation of his defense. We realize that some state attorneys are dilatory in the prosecution of their cases; however, an information should not be dismissed solely because of prosecutorial delay unless there is a finding by the trial court, supported by competent evidence, that the defendant was prejudiced in the preparation of his defense. Even though the written order finds "that the information is not timely and prejudicial to the defendant," the trial court failed to make any finding of prejudice at the hearing. The mere recital of the word prejudice in an order is insufficient, particularly where the defendant fails to present any evidence that would support a finding of prejudice in the preparation of his defense.
Reversed and remanded with directions to reinstate the conspiracy count of the amended information.
DANAHY, C.J., and CAMPBELL, J., concur.