GOSHORN, Judge.
The state appeals the dismissal of the indictment against Jerry Gilbert Wright for first degree murder. We agree and reverse.
Wright was indicted on October 13, 1987 for the first degree murder of Robert G. Clemente. The theory of the state’s case is that Wright had gone to Chicago in late 1980 or early 1981 and hired one Peter Ventura, with the help of Jack McDonald, to kill Clemente. Clemente was a former employee and part owner of one of Wright’s businesses, having purchased an interest in Wright’s corporation in June of 1980. In July of 1980, a key man life insurance policy purchased by the corporation, insuring Clemente, became effective. The corporation was the beneficiary. Clemente was murdered April 15, 1981.
Wright’s motion to dismiss the indictment argued that his constitutional due process rights were violated because of the State’s negligent delay in prosecuting the action and that records vital to the defendant’s case were lost during the period of delay.
Wright claims he was in Chicago in 1979. Airline, hotel, rental car, credit card and phone company records relating to this trip were purged by the respective companies after a three year period and Wright’s copies were no longer available. He alleges these records are essential to his defense to prove that he was in Chicago in 1979, and not late 1980 or early 1981 as the State claims.
To merit dismissal of an indictment or information on the basis of a pre-arrest delay, two tests must be passed. First, the defendant must show that the delay caused him to suffer actual prejudice, i.e. a material impairment of his capacity to prepare a defense. Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982). Speculative or general allegations of prejudice, such as a disappearance of alibi witnesses or failure of memory are insufficient. Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, — U.S. —, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). See also, Marrero v. State, 428 So.2d 304 (Fla. 2d DCA 1983). Second, if the court finds actual prejudice, it then must determine if the prejudice suffered by the defendant outweighs the particular reasons asserted by the state for the delay. This analysis is done on a case-by-case basis. Rogers, supra.
Wright fails the first test. Records demonstrating that Wright was in Chicago in 1979 do not negate that he was also in Chicago in late 1980 or early 1981. Those *362 1979 records are not material or relevant to Wright’s defense except in an indirect manner. It cannot be said that the inability to produce the records of that trip result in actual prejudice.
Having found no actual prejudice, it is unnecessary to discuss the reasons for the State’s delay. The order dismissing the indictment is reversed and the cause remanded for trial.
REVERSED AND REMANDED.
DAUKSCH, J. and CONRAD, R.F., Associate Judge, concur.