RYDER, Judge.
The State of Florida seeks review of the trial court’s dismissal of all charges against appellee, Isaiah Grady, because of pre-accu-sation delay. We conclude that the appellee failed to meet his burden of establishing actual prejudice, and, therefore, reverse the dismissal and remand for further proceedings.
In August 1991, Grady was charged with armed burglary of a dwelling, robbery, kidnapping, aggravated assault and sexual battery which allegedly occurred in May 1989. He filed a notice of intent to participate in discovery in October 1991. Subsequently, in January 1992, Grady filed a motion to dismiss for pre-accusation delay, contending *1255 that because the investigation was complete in 1989, the delay in filing charges against him violated his due process rights and provided a tactical advantage to the state. He further alleged prejudice as a consequence of his inability to examine the semen sample in order to refute the state’s evidence of the positive DNA comparison because the sample had biologically degraded to the extent that no further testing was possible. At the hearing on the motion, the state agreed that the semen sample had been tested by the FBI and that it had evaporated. However, once it was determined that the vaginal swab was unavailable, the state submitted a comforter for testing which revealed the presence of semen. The state requested that the semen sample from the comforter be submitted for DNA testing as substitute evidence. The state contended that Grady had failed to demonstrate prejudice as he had failed to engage in any discovery regarding the sample and the testing procedure.
The delay in prosecution was explained by the fact that the prosecutor initially assigned to the case had left the sex offender division, taken the file with him and instructed the sheriffs office not to forward the necessary paper work to the state attorney’s office until he requested it. The prosecutor left the office when he was arrested sometime in 1991. The current prosecutor explained to the judge that the prosecution had been delayed by appellee’s difficulties with his attorney, the former prosecutor’s hope to dispose of the case with a negotiated plea, and the fact that a pregnant witness or victim had asked that the trial be postponed until after the birth of her baby.
The trial court concluded that there was no legitimate reason an information could not have been filed before the former prosecutor’s arrest in 1991; that there was no good basis for the delay; and that the delay resulted in actual prejudice to the ap-pellee. Accordingly, she granted Grady’s motions to dismiss and for discharge. The state timely appealed her order.
[I]n evaluating an asserted due process violation based on pre-indictment delay, [the court must] ... consider both the reasons for the delay and the prejudice to the accused. Further, the accused bears the burden of proving the prejudice and, if the threshold requirement of proof of actual prejudice is not met, the inquiry ends there. Once actual prejudice is shown, it is necessary to engage in a sensitive balancing of the government’s need for an investigative delay ... against the prejudice asserted by the defendant.
United States v. Townley, 665 F.2d 579, 581-582 (5th Cir.1982), cert. denied, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982) (citations omitted).
Although Grady claimed prejudice, he failed to proffer what benefit he expected to derive from further testing. He also failed to allege that further testing would have yielded favorable results. Moreover, he failed to demonstrate that the semen sample would have been available had he been charged any earlier.
Even where the delay is caused by nothing more than administrative oversight by the state, the defendant must prove that the delay caused actual prejudice before the state may be required to explain or justify the delay. Barber v. State, 438 So.2d 976 (Fla. 3d DCA 1983), review denied, 447 So.2d 885 (Fla.1984). Here, there was no evidence that the delay was intentionally caused by the state to gain a tactical advantage. Moreover, the state has no duty to press charges against a defendant once probable cause to believe in his guilt has been established. State v. Bennett, 382 So.2d 811 (Fla. 2d DCA 1980).
Accordingly, we reverse the order of dismissal and discharge with instructions to reinstate the information.
THREADGILL, C.J., and FRANK, J., concur.