THOMPSON, J.
The State of Florida appeals an order dismissing the information against Robert Ingram for prearrest delay. Because we find Ingram failed to show actual prejudice resulting from the delay, we reverse.
Ingram was arrested on 22 May 1997 and charged with one count of sale or delivery of cocaine and one count of possession of cocaine. The arrest and charges arose from the alleged sale of rock cocaine by Ingram to an undercover Bre-vard County sheriffs agent in September 1995. According to the case report which Ingram obtained in discovery, the transaction occurred in a residence located at 302 Loquat Avenue, Cocoa, Florida.
Ingram filed a Motion to Dismiss claiming he had been prejudiced by the 20-month delay. He claimed the elderly woman who occupied the residence in September 1995 could have verified he had never been in her home. However, she had been admitted to the Rockledge Health and Rehabilitation Center sometime after September 1995 and had suffered a mental decline. She now suffers from dementia, he alleged, and can no longer testify in his behalf.
At the hearing on the motion, Agent Michael Hill explained Ingram was not arrested in September 1995 because a joint federal/county conspiracy investigation was underway, and Ingram was a suspect. Arresting Ingram at that time would have hampered the investigation. Hill, who had monitored the alleged transaction via a wire worn by the undercover officer, testified the address of the residence in question was 509 Stone Street, located on the corner of Stone Street and Loquat Avenue. He offered no explanation for the error in the case report, which he had completed shortly after the incident. Hill testified 509 Stone Street was occupied in September 1995, but those residents were no longer there, and he did not know whether they could be located. Ingram presented no evidence. Instead, he reiterated that the elderly resident of 302 Loquat Avenue can no longer testify in his behalf, and he argued he is unable to obtain other witnesses because the residents of 509 Stone Street have gone. The trial court found actual prejudice and dismissed the information.
A defendant asserting a due process violation for prearrest delay has the burden to show actual prejudice resulting from the delay. Scott v. State, 581 So.2d 887 (Fla.1991); Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). The prejudice must amount to “a material impairment of his capacity to prepare a defense.” State v. Wright, 545 So.2d 360, 361 (Fla. 5th DCA 1989). Where the defendant claims he is prejudiced by the unavailability of witnesses, he must explain “how their testimony would have been both favorable and material.” Marrero v. State, 428 So.2d 304, 307 (Fla. 2d DCA 1983). If this burden is met, the court *1217 must then weigh the reason for the delay against the prejudice suffered. Rogers; Wright.
Here, Ingram presented no evidence showing the elderly resident of B02 Loquat Avenue was home when the drug sale allegedly occurred so as to be able to testify Ingram was not there. Moreover, he made no attempt to obtain testimony from her and failed to substantiate his allegation that she suffers from dementia and would be unable to testify. Thus, Ingram failed to show the testimony would have been favorable to him and material to his defense. Marrero. Further, although Agent Hill testified the residents of 509 Stone Street no longer were there, nothing in his testimony proved Ingram would be unable to identify or locate potential witnesses, and Ingram presented no evidence showing he or police investigators had tried and failed to locate these individuals. Ingram therefore failed to prove he suffered actual prejudice, and the trial court incorrectly dismissed the information. Scott; Rogers.
REVERSED.
W. SHARP and PETERSON, JJ., concur.