COPE, J.
 

 This is an appeal of convictions and sentences for second degree murder with a firearm and aggravated assault with a firearm. We affirm in part and reverse in part.
 

 The first issue we address is the denial of the motion of defendant-appellant Des-mon Hallman to dismiss the information on account of pretrial delay. The defendant and a codefendant, Eddie Gaitor, were charged with the murder of John Jackson on February 20, 2003. The defendant and codefendant are brothers. Code-fendant Gaitor was arrested soon after the shooting. Defendant Hallman, however, was not arrested and charged until approximately twenty-five months after the shooting.
 

 The defendant filed a motion to dismiss the case on the ground of pretrial delay. The motion outlined the relevant time frames, argued that there was no excuse for the delay, and contended that the defendant has been prejudiced thereby. The motion stated that the defendant asserts his innocence but cannot remember after twenty-five months where he was on the night of the homicide, nor can the defendant provide counsel with alibi witnesses. The motion contended that the State’s actions have deprived the defendant of a fair trial. The motion was filed several months prior to trial.
 

 The defense requested an evidentiary hearing on the motion. The State argued that since defendant and codefendant are brothers, and codefendant Gaitor was arrested promptly after the crime, the de
 
 *1061
 
 fendant’s claim of lack of memory was implausible. The trial court accepted this argument. The trial court denied the request for an evidentiary hearing and denied the motion. The defendant’s motion was unsworn, and the defense did not proffer the evidence that the defense would have offered had the evidentiary hearing been granted. On this appeal, the defendant contends that the trial court erred.
 

 This court has said that proof of actual prejudice is a necessary element of a due process claim arising from oppressive delay between the time of the offense and the arrest or indictment.
 
 Barber v. State,
 
 438 So.2d 976, 977-78 (Fla. 3d DCA 1983);
 
 Marrero v. State,
 
 428 So.2d 304, 306 (Fla. 2d DCA 1983).
 
 See generally
 
 Jean M. Allison, Romualdo P. Eclavea & Anne Elizabeth Knickerbocker,
 
 Commencement of Criminal Process and Preliminary Proceedings,
 
 in Phillip A. Hubbart, et al., Criminal Practice Service §§ 2:10-2:13 (1993). According to the
 
 Barber
 
 decision, there is a two-tier test:
 

 First, the defendant has the burden of proving actual prejudice. If that burden cannot be met, the inquiry stops there. If, however, the defendant does present evidence tending to show actual prejudice, the burden shifts to the government to show why the delay was necessary. At that point the court must balance the government’s need for an investigative delay against the prejudice shown by the defendant in order to determine whether a due process violation has occurred.
 

 Id.
 
 at 978.
 

 The
 
 Barber
 
 court went on to say:
 

 It is insufficient to merely generally allege loss of witnesses and failure of memories resulting from pre-arrest delay. To show a due process violation with respect to missing witnesses, an accused must offer some explanation as to how their testimony would have been favorable and material.
 

 Id.
 
 at 978 n. 1 (citation omitted).
 

 In
 
 Barber,
 
 the defendant’s motion alleged that he
 

 (1) had been in the county jail in connection with other charges from February 7, 1981 until his arrest in October, (2) had no recollection as to his whereabouts on the date of the subject offense, and (3) was unable to find witnesses who could help him recall where he was on January 11,1981.
 

 Id.
 
 at 977. This court concluded that these allegations were insufficient to show actual prejudice to the defendant’s preparation for trial.
 

 Based on
 
 Barber,
 
 we conclude that the motion was not sufficiently particularized. Further, once the evidentiary hearing was denied, the defendant did not proffer what evidence the defense would have offered had the evidentiary hearing been granted. We therefore affirm the trial court’s ruling.
 
 *
 

 We find merit in the defendant’s argument regarding the mandatory minimum sentence under the 10-20-life statute. The defendant was sentenced to life on the second-degree murder conviction, with a mandatory minimum sentence of life under the 10-20-life statute.
 
 See
 
 
 *1062
 
 § 775.087(2), Fla. Stat. (2002). The defendant’s point is well taken.
 

 Precedent under earlier versions of section 775.087 have established that a defendant must personally commit the acts prohibited by section 775.087.
 
 State v. Rodriguez,
 
 602 So.2d 1270, 1272 (Fla. 1992). “Conviction on a principal theory is not sufficient....” William H. Burgess, III,
 
 Sentencing
 
 § 6:93 (2009-10 ed.).
 

 The defendant in this case was charged as a principal in the second-degree murder. The testimony was that the codefen-dant Gaiter stood over the victim and shot him to death. According to the testimony, defendant Hallman and codefendant Gaitor ordered Mr. Jackson and Mr. Mosley, who were drug dealers, to leave the location where they were selling drugs. According to the witnesses, the defendant, the code-fendant, and one or two other men pursued the victims. One of the men began shooting at the victims, but the only person specifically identified as discharging a weapon was Gaitor. The identity of the other shooter was not established. No witness testified that Hallman actually discharged his firearm.
 

 In sum, there is evidence that defendant Hallman actually possessed a firearm during the commission of the charged crime, but no evidence that he discharged it. Accordingly we reverse that part of the sentencing order which imposed a life mandatory minimum sentence under the 10-20-life statute, and remand for imposition of a ten-year mandatory minimum.
 
 See
 
 § 775.087(2)(a)l. This ruling affects only the mandatory minimum sentence and we do not disturb the life sentence imposed on the second-degree murder count. Because this correction is a ministerial act, the defendant shall be represented by counsel but need not be personally present.
 

 We affirm on the remaining issues without discussion.
 

 Affirmed in part, reversed in part, and remanded for correction of sentencing order.
 

 *
 

 The defendant argues that a potential alibi witness died several months after the date of the crime, but long before the defendant was arrested and charged. That argument, however, was not included in the motion and was not made at the time of the hearing on the motion to dismiss. The argument was instead raised in connection with the sentencing hearing.