DAMOORGIAN, C.J.
Appellant, Walter Taylor (“Taylor”), appeals his conviction for sexual battery on a child less than eleven years of age. On appeal, Taylor claims the trial court erred on four grounds: (i) denying Taylor’s motion to dismiss based on preindictment delay; (ii) denying Taylor’s motion for judgment of acquittal; (iii) admitting the victim’s prior identification of Taylor; and (iv) admitting impermissible comments during the State’s closing argument. We affirm on all grounds and write only to address the issue concerning the prein-dictment delay.
The State indicted Taylor in June 2009 after DNA evidence connected Taylor to an incident that occurred twenty-six years earlier. Taylor filed a motion to dismiss, arguing that the twenty-six-year delay violated his due process rights. At the hearing on the motion to dismiss, Taylor’s counsel argued that the preindictment delay itself presumptively caused him prejudice. In support of this contention, counsel argued that -witnesses had been lost or their memories had faded, and physical evidence had been available for testing. The trial court denied the motion to dismiss without articulating any specific grounds. This appeal follows.
 In Florida, the legal test to establish a due process violation based on preindictment delay has two prongs: (i) the defendant must show actual prejudice from the delay; and (ii) the trial court must weigh the State’s reasons for the delay against the specific prejudice caused to the defendant. Overton v. State, 976 So.2d 536 (Fla.2007). As a threshold requirement, the defendant bears the burden of establishing actual prejudice. State v. Grady, 657 So.2d 1254, 1255 (Fla. 2d DCA 1995); see also Evans v. State, 808 So.2d 92, 100 (Fla.2001) (same); State v. Hills, 467 So.2d 845, 848 (Fla. 4th DCA 1985) (same). The trial court engages in the second prong’s balancing test only if the defendant meets this threshold requirement. Grady, 657 So.2d at 1255.
For the trial court to find actual prejudice under the first prong, Taylor’s “contention of prejudice must be based on more than mere speculation, and must be supported by substantial evidence.” Evans, 808 So.2d at 100; see also State v. *222 Hope, 89 So.3d 1132, 1137 (Fla. 1st DCA 2012) (“ ‘Speculative or general allegations of prejudice, such as a disappearance of alibi witnesses or failure of memory are insufficient.’ ”) (citations omitted); State v. Moore, 423 So.2d 1010, 1011 (Fla. 4th DCA 1982) (same). Further, this prejudice must constitute “a material impairment” to the preparation of the defendant’s case, and the defendant must provide an explanation of how the unavailable witnesses’ testimony “would have been both favorable and material.” State v. Ingram, 736 So.2d 1215, 1216 (Fla. 5th DCA 1999) (citations and internal quotations omitted).
Here, Taylor failed to show specific, actual prejudice. For example, Taylor merely claimed the loss of potential witnesses or a general loss of memory of unspecified witnesses. Taylor did not identify the witnesses or describe their testimony and its impact on Taylor’s guilt. Further, Taylor simply pointed out that the State may have delayed in testing the physical evidence in its possession and that lost “records” could provide exculpatory evidence. However, Taylor failed to specifically identify whether this hypothetical evidence would be material to his case or how the State’s delay in testing the physical evidence prejudiced him. In short, Taylor did not meet his burden of establishing actual prejudice, and thus the trial court was not required to engage in the balancing test under the second prong. Evans, 808 So.2d at 100; Hills, 467 So.2d at 848.
Accordingly, we affirm Taylor’s conviction for sexual battery on a child less than eleven years of age.

Affirmed.

CIKLIN and CONNER, JJ., concur.