# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-1563
Lower Tribunal No. 08-36665

_____

**Hector Pulido,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before SHEPHERD, LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

Hector Pulido appeals his convictions and sentences for burglary of an unoccupied dwelling, criminal mischief, and grand theft. Additionally, Pulido

appeals the denial of his motion to dismiss the charges. We reverse Pulido's conviction for criminal mischief because that offense is time-barred. Further, we affirm the convictions for grand theft and burglary of an unoccupied dwelling. Lastly, we remand the grand theft conviction for re-sentencing because grand theft is not an offense that supports a sentence as a violent career criminal, pursuant to section 775.084, Florida Statutes (2012).

On January 6, 2005, a break-in occurred at an unoccupied dwelling. Approximately, three years and nine months later, on October 24, 2008, the State filed an information against Pulido for burglary of that unoccupied residence, criminal mischief, and grand theft. The State relied on DNA evidence of blood found outside of the windowsill of the house that tied Pulido to the charged offenses.

Pulido moved to dismiss the charges. He argued that the statute of limitations on the criminal mischief count had expired on June 30, 2006, before the State filed the information. He further claimed that the criminal mischief and grand theft counts were not listed as delineated offenses to which the legislative DNA extension in section 775.15(15)-(16), Florida Statutes (2006), applied. Pulido acknowledged the burglary count was a delineated offense, but argued the burglary count was also time-barred.

The trial court denied Pulido's motion to dismiss, and Pulido received a conviction on all counts. He received a minimum mandatory sentence of thirty years as a violent career criminal on the burglary of an unoccupied dwelling count. On the grand theft count, he received a sentence of fifteen years with a minimum mandatory sentence of ten years, also as a violent career criminal, to run concurrent with the burglary of an unoccupied dwelling count. The trial court sentenced Pulido on the criminal mischief charge to 364 days in the Dade County Jail to run concurrent with counts one and two as a prison release re-offender.

We reverse Pulido's conviction for criminal mischief. The applicable limitation period for this offense, a first-degree misdemeanor, was two years, pursuant to section 775.15(2)(c), Florida Statutes (2005). Because Pulido committed the offense on January 6, 2005, the two-year statute of limitations period expired on January 5, 2007, well before the October 24, 2008 date on which the State filed the information. Additionally, criminal mischief is not one of the delineated offenses in section 775.15(16), Florida Statutes (2008), which extends the time for prosecution based upon DNA evidence for certain delineated offenses that were not time-barred on or after July 1, 2006. The trial court thus should have dismissed the criminal mischief charge.

We affirm the conviction for grand theft but remand to the trial court for re-sentencing, as the State correctly concedes that the violent career criminal

3

enhancement on the conviction constituted error. This Court previously held that under section 775.084, Florida Statutes (2012), a grand theft conviction cannot support sentencing a defendant as a violent career criminal because grand theft is not enumerated as a predicate offense in the statute. See Ubilla v. State, 8 So. 3d 1200, 1201 (Fla. 3d DCA 2009).

The conviction for burglary of an unoccupied dwelling is likewise affirmed. Pulido is mistaken in his assertion that he is entitled to discharge based on the three year and nine month delay between the date of the offense and the date on which the State filed the information. His reliance on Doggett v. United States, 505 U.S. 647 (1992), is misplaced as the Supreme Court in that case reversed the defendant's conviction because the eight and half year delay between the defendant's indictment and arrest violated the defendant's Sixth Amendment right to a speedy trial. Id. at 652. The delay here is between the date of the offense and the date on which the State filed the information. "On its face, the protection of the Sixth Amendment is activated only when a criminal prosecution has begun and extends to those persons who have been accused in the course of that prosecution." U.S. v. Marion, 404 U.S. 307, 313 (1971). The Sixth Amendment does not "reach . . . to the period prior to the arrest." Id. at 321.

Furthermore, in the case of a lengthy delay between the date of the offense and the arrest, filing of information, or otherwise formal accusation, the defendant

4

has the burden of proof. Pulido has failed to satisfy his burden. In <u>Hallman v. State,</u> 41 So. 3d 1060 (Fla. 3d DCA 2010), the defendant was arrested twenty-five months after the offense date. This Court in that case re-affirmed its prior holding in <u>Barber v. State</u>, 438 So. 2d 976, 977–78 (Fla. 3d DCA 1983), which held that the defendant has the burden to prove actual prejudice. <u>See Hallman</u>, 41 So. 3d at 1061. If the defendant cannot satisfy that burden, the inquiry stops there. <u>Id.</u> Pulido has failed to show actual prejudice.

Accordingly, we reverse Pulido's conviction for criminal mischief, affirm the convictions for grand theft and burglary of an unoccupied dwelling, but remand the grand theft conviction for re-sentencing consistent with this opinion. We decline to address the remaining arguments raised.

Affirmed in part, reversed in part, and remanded for further proceedings.