# Supreme Court of Florida

_____

No. SC18-1739
_____

**LARRY JAMES BARBER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

April 25, 2019

PER CURIAM.

This case is before the Court on the petition of Larry James Barber for a writ of prohibition. We have jurisdiction. *See* art. V, § 3(b)(7), Fla. Const. Petitioner Barber has pro se filed fifteen petitions or notices with this Court since February 13, 1998. On December 19, 2018, we dismissed the instant petition, expressly retained jurisdiction, and ordered Barber to show cause why he should not be barred from filing further pro se requests for relief in this Court related to circuit court case number 131981CF0242300001XX. *See Barber v. State*, No. SC18-1739, 2018 WL 6720521 (Fla. Dec. 19, 2018).

We now find that Barber has failed to show cause why he should not be barred, and we sanction him as set forth below.

In Eleventh Judicial Circuit Court (Miami-Dade County) case number 131981CF0242300001XX, Barber was convicted of one count of robbery with a firearm; he was sentenced to life imprisonment on April 7, 1982.  His conviction and sentence were affirmed on direct appeal.  *Barber v. State*, 438 So. 2d 976 (Fla. 3d DCA 1983).

Since February 13, 1998, Barber has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court.  Including the petition in the instant case, Barber has filed fifteen pro se petitions or notices with this Court since February 13, 1998.[1]  The Court has disposed of fourteen of these filings to date, not including the petition in this case.  This Court has never granted Barber the relief sought in any of his filings here.  Each of the fourteen petitions and notices was denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception.

Barber filed the instant petition for writ of prohibition with this Court on October 16, 2018.  The Court dismissed the petition on December 19, 2018, pursuant to *Pettway v. State*, 776 So. 2d 930, 931 (Fla. 2000).  In doing so, we

---

1.  *See Barber v. State*, No. SC18-1739, 2018 WL 6720521 (Fla. Dec. 19, 2018).

expressly retained jurisdiction to pursue possible sanctions against Barber. On the same day, we ordered Barber to show cause why the Clerk of this Court should not be directed to reject any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him related to case number 131981CF0242300001XX. This Court also directed Barber to show cause why, pursuant to section 944.279(1), Florida Statutes, a certified copy of this Court's findings should not be forwarded to the appropriate institution for disciplinary procedures pursuant to the rules of the Florida Department of Corrections.

Upon consideration of Barber's response, we find that his arguments are without merit and that he has failed to show cause why sanctions should not be imposed. Therefore, based on Barber's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Barber will continue to burden this Court's resources. We further conclude that Barber's prohibition petition filed in

this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2018).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Larry James Barber that are related to case number 131981CF0242300001XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Barber's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2018), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Barber is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

Original Proceeding – Prohibition

Larry James Barber, pro se, Crawfordville, Florida,

for Petitioner

No appearance for Respondent